**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

RASHEEN D. WILSON,                :
                                  :  Civil Action No. 08-4140 (FLW)
          Plaintiff,              :
                                  :
                                  :
          v.                      :  **OPINION**
                                  :
TRAVIS MAXWELL, et al.,           :
                                  :
          Defendants.             :

**APPEARANCES**:

    RASHEEN D. WILSON, Plaintiff <u>pro se</u>
    Mercer County Correctional Center
    P.O. Box 8068
    Trenton, New Jersey 08650

**WOLFSON**, District Judge

    Plaintiff Rasheen D. Wilson, currently a state inmate confined at the Mercer County Correctional Center in Trenton, New Jersey, seeks to bring this action <u>in forma pauperis</u>, alleging violations of his constitutional rights under 42 U.S.C. § 1983. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim

upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice at this time; however, plaintiff may file an amended Complaint to cure the noted deficiencies in his initial Complaint.

## I.   BACKGROUND

Plaintiff, Rasheen D. Wilson ("Wilson"), brings this action against defendants, Detective Travis Maxwell and Detective Fred Bender, both of the Trenton Police Department.  (Complaint, Caption and ¶¶ 4b, 4c, and 6).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Wilson states that, on November 1, 2007, he was driving along Niagra Alley and N. Overlook Avenue, when he was pulled over by the defendant police detectives.  Wilson alleges that he was removed from his vehicle and searched, and his car was searched, without plaintiff's consent and without probable cause.  Wilson was then arrested, handcuffed and placed in the rear of the detectives' unmarked vehicle.  Wilson tried to explain to the detectives that the drugs found in his vehicle did not belong to him and that Wilson had no knowledge that any drugs were in his vehicle.  At that point, Wilson alleges that Det. Maxwell became

2

very angry and leapt onto plaintiff, punching him in the face repeatedly.  Maxwell also allegedly tried to choke plaintiff and banged plaintiff's head against the rear window.  Det. Bender came over and assisted in the assault by punching plaintiff in the stomach and legs.  Plaintiff was then dragged out of the vehicle and slammed onto the concrete.  Bender kicked plaintiff in the face while Maxwell jumped on plaintiff's back and neck with his knees.  Wilson was taken to the police station and then the hospital.  He claims that his Miranda[1] rights were never read to him.  (Compl. at ¶ 6).

It is not clear whether Wilson is seeking compensatory damages from defendants.  He does state that he would like his pending state criminal charges to be dismissed, and that criminal charges be imposed against the defendant for their conduct against plaintiff.  (Compl., ¶ 7).

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Here, plaintiff was a prisoner who is proceeding in forma pauperis, and he is asserting claims against government prison officials with respect to incidents occurring while he was confined. Consequently, this action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because he is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

In short, a pro se prisoner plaintiff simply need comply with the pleading requirements of Rule 8(a)(2)(complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). See Erickson, 127 S.Ct. at

4

2200.  Thus, a complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n. 12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Erickson, 127 S.Ct. at 2200 (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Factual allegations must be enough to raise a right to relief above the speculation level. ...

Bell v. Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1964-65 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Accordingly, a pro se prisoner plaintiff may allege only enough factual matter (taken as true) to suggest the required elements of the claim(s) asserted.  Twombly, supra; Phillips v. Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A <u>pro se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.   <u>SECTION 1983 ACTIONS</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.   ANALYSIS

Construing this Complaint liberally, this Court finds that the pro se litigant, Wilson, may be alleging a claim of excessive force, as well as a Fourth Amendment claim asserting unlawful search and seizure. Wilson does not seeks damages in this action. He asks only that his state court criminal charges be dropped and that charges be brought against the defendants for their conduct in assaulting plaintiff without provocation or justification.[2]

---

[2] Wilson's request that criminal charges be brought against the police detective defendants is not cognizable under § 1983. See Leeke v. Timmerman, 454 U.S. 83, 85-87 (1981); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

7

A.  <u>Excessive Force Claim</u>

Turning first to the excessive force claim, Wilson alleges that defendants severely beat him for no reason on November 1, 2007.  Plaintiff's claim may be construed as an excessive force claim in violation of the Fourth Amendment.  Claims of excessive force during arrests, investigatory stops and other seizures are governed by the Fourth Amendment.  <u>See</u> <u>Graham v. Conner</u>, 490 U.S. 386 (1989).  "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." <u>Abraham v. Raso</u>, 183 F.3d 279, 288 (3d Cir. 1999).  <u>See also</u> <u>Graham v. Connor</u>, 490 U.S. at 396-97 (force used to effect an arrest must be reasonable, and reasonableness is measured by "careful attention to the facts and circumstances of each particular case . . .").

In this case, Wilson clearly alleges that the defendant detectives used excessive force by repeatedly punching him in the face, stomach and legs.  He also asserts that defendants dragged him from the vehicle and slammed him on the concrete, kicking him in the face and jumping on his neck and back.  Wilson allegedly was handcuffed during the entire incident.  He states that he sustained head injuries and a broken facial nasal bone that required hospital treatment.  These allegations, if true, may be sufficient to withstand <u>sua sponte</u> dismissal at this time because it appears that defendants may have intentionally harmed

8

plaintiff without apparent provocation for the very purpose of causing harm.

B.  <u>Unlawful Search Claim</u>

It would appear that Wilson also may be attempting to assert a claim that the searches of his person and vehicle, on November 1, 2007, were unconstitutional because he did not give his consent for the search, and because the police detectives did not have probable cause to stop his vehicle and search him.  These allegations may be construed as an illegal search claim in violation of the Fourth Amendment.  The Fourth Amendment protects individuals from unreasonable searches and seizure of their "persons, houses, papers, and effects... ."  U.S. Const. amend. IV.  The individual must show he had a reasonable expectation of privacy, and an expectation society would recognize as reasonable.  <u>Minnesota v. Carter</u>, 525 U.S. 83, 88 (1988).

The problem with allowing plaintiff's illegal search and claim to proceed at this time involves the issue of prematurity.  In <u>Heck v. Humphrey</u>, the Supreme Court held that a § 1983 claim that would imply that an arrest or conviction was invalid was not cognizable until the charges underlying the arrest or conviction were resolved in the plaintiff's favor.  512 U.S. 477, 487 (1994).  The United States Court of Appeals for the Third Circuit later held that "[i]n terms of the conflicts which <u>Heck</u> sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and

9

a potential conviction on a pending charge that may be entered at some point thereafter.  Because of these concerns, we hold that a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983." Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996).

Some years later, in Gibson v. Superintendent of New Jersey Department of Law and Public Safety, 411 F.3d 427 (3d Cir. 2005), the Third Circuit noted that "in some cases Fourth Amendment claims for false arrest begin to accrue at the time of arrest, not when the conviction is overturned."  411 F.3d at 450.  This occurs when the false arrest claim will not necessarily undermine the criminal conviction or sentence.  Id.  The Third Circuit further noted that "Heck does not set forth a categorical rule that all Fourth Amendment claims accrue at the time of the violation."  Id.  Rather, the Third Circuit determined that each case must be subjected to a fact-based analysis.  In Gibson, the court held that plaintiff's Fourth Amendment claims, involving issues of an unlawful search and seizure similar to this case, were not cognizable and did not accrue until Gibson's conviction was invalidated in April 2002.  Id. at 452.

Recently, however, in Wallace v. Kato, __ U.S. __, 127 S.Ct. 1091 (2007), the Supreme Court held that certain Fourth Amendment claims accrue at the time of the constitutional violation, regardless of the procedural burden Heck places on the resolution of such claims.  The Supreme Court characterized Heck as delaying

10

"what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn." Id., 127 S.Ct. at 1098.  With respect to false arrest cases, the Supreme Court held that in order to defer accrual of the claim, it would need to extend the Heck principle to state "that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside." Id. (emphasis in original). Finding such a principle to be impracticable, the Court held that it was "not disposed to embrace this bizarre extension of Heck." Id.

Based on the Supreme Court's language in Wallace, it would appear that Wallace effectively supersedes the Third Circuit's reasoning in Gibson, supra, and that Heck is inapplicable here, see Gibson v. Superintendent of New Jersey Department of Law and Public Safety, 2007 WL 1038920 (D.N.J. Mar. 29, 2007)(RBK), and that Smith v. Holtz likewise is abrogated by Wallace.  See Snyder v. Decker, 2007 WL 2616993 (W.D. Pa. Sept. 6, 2007).

Thus, under Wallace, any Fourth Amendment claim must be brought and, in all likelihood, stayed pending resolution of the underlying charges.  Wallace, 127 S.Ct. at 1098-99.  In the event of a conviction on the underlying charges, the stay may extend for years while post-conviction relief is sought.  Id. at 1099. This is not an ideal situation because of the potential to clog the court's docket with unresolvable cases.  However, in this case, there does not appear to be any clear basis to dismiss the

11

illegal search and seizure claim on the merits, and accordingly, this Court would be constrained to allow this claim to proceed at this time.

However, as noted above, Wilson does not seek damages in this § 1983 action, but instead, he requests that this Court dismiss the state court charges against him.  Such relief is not cognizable in a § 1983 action.  Wilson's unlawful search and seizure claim essentially is challenging the state court indictment or charges themselves, and therefore, this claim must be raised in his pending criminal proceedings in state court; a federal court generally will not intercede to consider issues that Wilson has an opportunity to raise before the state court. Younger v. Harris, 401 U.S. 37 (1971).

The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature;  (2) the state proceedings implicate important state interests;  and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)).  Here, Wilson is admittedly a pretrial detainee in the course of ongoing state criminal proceedings; thus state proceedings implicating

12

important state interests are currently in progress and plaintiff has the opportunity to raise any claim about the legality of the charges or other purported constitutional violations, in that proceeding.

Further, even if Wilson is eventually convicted of the alleged charges in his now-pending state criminal proceedings (or if he has since been convicted since filing this action), he must first exhaust his state court remedies by direct appeal or other available state court review, and then, if appropriate, file a federal habeas application to assert any violations of federal constitutional or statutory law.  Preiser v. Rodriquez, 411 U.S. 475, 500 (1973)(the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").[3]

Therefore, any claim seeking dismissal of plaintiff's state court criminal charges must be dismissed without prejudice at this time.[4]  To the extent that plaintiff wishes to amend his

---

[3]  In Preiser,, the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  411 U.S. at 500.

[4]  Wilson's excessive force claim suffers the same deficiency in that he does not seek money damages as relief, but rather, the dismissal of his state criminal charges.  Therefore,

13

Complaint to assert a claim for money damages arising from the alleged constitutional violations, this Court will allow plaintiff the opportunity to do so within 30 days from entry of this Order.[5]

## V. CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed without prejudice, in its entirety, for failure to state a claim at this time. However, Wilson is granted leave to amend his Complaint to cure the deficiencies in his pleadings, no later than 30 days from the date of this Order, as set forth in this Opinion. An appropriate order follows.

 s/Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

Dated: August 26, 2008

---

plaintiff's claim for excessive force likewise is subject to dismissal unless Wilson amends his Complaint accordingly.

[5] Wilson should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.

14